**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DOUGLAS L. DAVIS** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | _____ |
| **WAL-MART STORES, INC.,** | § | **JURY** |
| **WALMART STORES TEXAS, LLC** | § | |
| **and ANGELA JOHNSON** | § | |

---

### NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendants Walmart Inc. (formerly known as Wal-Mart Stores, Inc.) and Wal-Mart Stores Texas, LLC (collectively "Wal-Mart") file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

## I.    INTRODUCTION

1.    Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 95th Judicial District Court of Dallas County, Texas, where this matter was pending under Cause No. DC-20-14392 in a matter styled *Douglas L. Davis vs. Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC and Angela Johnson* (the "State Court Action").

## II.    NATURE OF THE SUIT

2.    This is a premises liability/negligence lawsuit alleging personal injury resulting from claims of negligence against Defendants. *Plaintiff's First Amended Petition pp. 2-4.*

3.    Plaintiff Douglas L. Davis alleges that on December 28, 2018, he was injured when he was knocked to the ground during a robbery at Defendant's store by two unnamed criminal assailants. *Id. at p. 2.*

4.      Plaintiff brought a premises liability/negligence claim against Wal-Mart and Defendant Angela Johnson in the 95th Judicial District Court of Dallas County, Texas.  *Id. at pp. 2-4.*

5.      Plaintiff asserts claims of negligence as to Angela Johnson for actions as an employee within the course and scope of her employment with Wal-Mart.  *See Plaintiff's First Amended Petition pp. 3* (whereby Plaintiff admits "Defendant Walmart, [and] it's agents, servants and employees, who **(at all times) were acting in the course and scope of their employment**." (*emphasis added*).

6.      Plaintiff seeks damages in excess of $1,000,000.  *Id. at p. 1.*

### III.      TIMELINESS OF REMOVAL

7.      Plaintiff commenced this lawsuit by filing his Original Petition on October 1, 2020. Defendant Wal-Mart Stores, Inc. accepted service on October 5, 2020 through its agent, CT Corporation.  Defendant Johnson accepted personal service on October 9, 2020.  Plaintiff filed his First Amended Petition on October 27, 2020 adding Wal-Mart Stores Texas, LLC as a Defendant. Thus, removal is timely as this Notice is filed within 30 days after Defendant received the initial pleadings.

### IV.      BASIS FOR REMOVAL JURISDICTION

8.      Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendants [exclusive of Johnson, discussed below], and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Plaintiff is now and was at the time of the filing of this action a legal Texas resident residing and domiciled in Dallas, Dallas County, Texas.  *Plaintiff's First Amended Petition p. 2*. Accordingly, for diversity purposes, Plaintiff is a citizen of Texas.

10.     Plaintiff sued and served Wal-Mart Stores, Inc.  Wal-Mart Stores, Inc. changed its name to Walmart Inc.  Walmart Inc. (formerly known as Wal-Mart Stores, Inc.) is a Delaware Corporation with its principal place of business in Arkansas.  However, the correct corporate entity/Defendant is Wal-Mart Stores Texas, LLC.  Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas.  The citizenship of an LLC is the same as the citizenship of all its members.  *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).  Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC.  Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas.  Wal-Mart Property Co. is the sole trustee of Wal-Mart Real Estate Business Trust.  Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas.  Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co.  Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in Arkansas.  WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP.  WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.  Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas.  Walmart Inc. is the sole owner of Wal-Mart Stores East, LLC.  Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas.  The Fifth Circuit has also previously recognized Wal-Mart Stores Inc. is a citizen of Delaware with its principal place of business in Arkansas.  *Gebbia v. Wal-Mart Stores,*

*Inc.,* 233 F.3d 880 (5th Cir. 2000).  Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

11.     Plaintiff also sued and served Wal-Mart Stores Texas, LLC.  Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas.  The citizenship of an LLC is the same as the citizenship of all its members.  *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).  Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC.  Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas.  Wal-Mart Property Co. is the sole trustee of Wal-Mart Real Estate Business Trust.  Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas.  Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co.  Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in Arkansas.  WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP.  WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.  Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas.  Walmart Inc. is the sole owner of Wal-Mart Stores East, LLC.  Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas.  Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

12.     There is and has been at all times relevant to this Notice of Removal complete diversity of citizenship between Plaintiff and Defendant Wal-Mart [Johnson, discussed below].

13.    Upon information and belief, it is facially apparent the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.  Plaintiff alleges he suffered serious and permanent injuries to his body generally.  *See Plaintiff's First Amended Petition p. 2.*  Plaintiff seeks damages for medical expenses past and future, physical pain past and future, mental anguish past and future, physical impairment past and future, and disfigurement past and future.  *Id. at pp. 4-5.*  Plaintiff has pled damages in excess of $1,000,000.  *Id. at p. 1.*  The sum claimed by Plaintiff should control the evaluation of amount in controversy.

14.    In addition, Defendant sent correspondence to Plaintiff's counsel on October 15, 2020 in an effort to confirm the amount in controversy and requesting Plaintiff stipulate he is seeking less than $75,000 in damages, exclusive of interest and costs.  Plaintiff's counsel advised he was unable to stipulate; thus, based on all information currently known by or available to Defendant, the pleadings and injuries establish that the amount in controversy exceeds $75,000 exclusive of interest and costs.

## V.    IMPROPER/FRAUDULENT JOINDER

15.    Plaintiff's claims against Angela Johnson are disingenuous, improper and only used as an attempt to defeat diversity jurisdiction in this Court.  Plaintiff has no independent claim against Johnson under Texas law and as such, the Court should disregard and dismiss Johnson as an improperly joined defendant.

### A.    Standard of Review

16.    Under the doctrine of improper joinder, the Court should ignore non-diverse defendants, such as Johnson, if the removing defendant has demonstrated that there is no possibility of recovery by plaintiff against an in-state defendant.  The removing party bears the burden of demonstrating improper joinder.  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).  Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or

(2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis*, 326 F.3d at 646-47). Where the citizenship of the non-diverse party is not in dispute, the removing defendant need only prove the latter. Under the latter method, the court determines whether the plaintiff has "*any possibility of recovery*" against the in-state defendant whose joinder is questioned. This possibility, however*, must be reasonable*, not merely theoretical. *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).

17.     A determination of improper joinder must be based on an analysis of the cause of action alleged in the complaint at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995). There are two methods a court can use in determining whether a possibility of recovery is reasonable. *Solis, et al v. Wal-Mart Stores East, LP*, 2008 U.S. Dist. LEXIS 92641 (S.D. Tex. Nov. 14, 2008) (citing *Smith v. Petsmart Inc.*, No. 06-60497, 278 Fed. Appx. 377, 379 (5th Cir. May 15, 2008). The court may conduct at Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. In the alternative, if the plaintiff has stated a claim, but "misstated or omitted discrete facts that would determine the propriety of joinder…the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* During this latter inquiry, the court may consider "summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 648-49.

**B.    No Viable Claim Against Johnson; thus Johnson is Fraudulently Joined.**

18.    Plaintiff attempts to defeat diversity by asserting claims of negligence against Wal-Mart's employee, Angela Johnson, for her alleged actions as an employee within the course and scope of her employment with Wal-Mart.  *See Plaintiff's First Amended Petition, pp. 3*.  Plaintiff's efforts, however, are futile as Plaintiff has failed to establish a claim against Johnson with any reasonable probability of recovery.  There is no reasonable probability of recovery against Johnson because:

> (a)  Johnson was acting in the course and scope of her employment and did not owe Plaintiff an independent duty of care; and
>
> (b)  the evidence shows Plaintiff mischaracterized the facts in his pleadings for the sole purpose of improperly joining Johnson.

19.    Under Texas law, an owner or occupier of land – like Wal-Mart – generally has a duty to use reasonable care to make and keep the premises under its control safe for business invitees.  *Graham v. Olivo,* 952 S.W.2d 523, 527 (Tex. 1997).  A company, being a legal faction, can only act through its agents.  *See Howard v. Burlington Ins. Co.,* 347 S.W.3d 783, 795 (Tex. App.-Dallas 2011, no pet.).  As such, an employee is not personally liable for the employee's acts or omissions that fall within the course and scope of employment.  *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

20.    In Texas, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).  The Supreme Court of Texas held the actions of the individual defendants were actually only the actions of officers on behalf of their employer and were therefore deemed to be acts of the employer.  *Id.*  The non-delegable duty was imposed on, *and belonged solely to*, *the employer and there were no viable claims against the individual*

*officer*.  *Id.* (emphasis added).  While the *Leitch* holding was based on workplace safety*,* the Supreme Court of Texas extended its holding to premises liability cases in *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).  Therefore, based on *Tri*, there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store employee for duties performed within the scope of the employee's duties.

21.     In the instant matter, Plaintiff admits Johnson was acting within the course and scope of her employment at the time of the incident.    Specifically, Plaintiff states the alleged acts of negligence were committed by "Defendant Walmart, [and] it's agents, servants and employees, who (**at all times**) **were acting in the course and scope of their employment**."  *See Plaintiff's First Amended Petition, p. 3 (emphasis added).*  By Plaintiff's own accounts, Johnson was at all times acting in the course and scope of her employment.

22.     Johnson may not be held individually liable unless she breached an independent duty of care owed to Plaintiff that is separate from the duty owed by Wal-Mart.  Plaintiff's attempt to delineate the actions of Wal-Mart as "premises liability," while naming Johnson's acts "negligence," amounts to nothing more than a sham.  For example, Plaintiff alleges Johnson acted negligently by transporting the money at a time when "there was a heightened risk for theft or robbery without security."  *Id, at p. 4, sec. VI(C).*  Plaintiff asserts identical claims against Wal-Mart "for the transportation of cash or receivables which were susceptible to theft or robbery." *Id. at p. 2, sec. V.*  Plaintiff has not identified an individual and independent duty that Johnson owed to Plaintiff other than that owed as an employee of Wal-Mart.  Accordingly, the duty was solely Wal-Mart's, and any breaches by an employee, such as Johnson, only constitutes a breach by Wal-Mart acting through its agents.  Thus, there is no reasonable basis for the Court to predict Plaintiff might be able to recover independently against Johnson under Texas law.

23.     Finally, the evidence shows Plaintiff's pleadings mischaracterize the facts for the sole purpose of improperly joining Johnson.  Plaintiff's First Amended Petition states that during the store robbery,

> Defendant JOHNSON (an employee of Defendant WALMART) was engaged in a "tug of war", attempting to keep the money trays in her possession, causing the wagon to thrust out of control, thereby striking Plaintiff and knocking him to the ground.
>
> *Plaintiff's First Amended Petition, p. 2, sec. IV.*

24.     In direct contrast to his pleadings, Plaintiff penned a letter shortly after the incident to the Wal-Mart store manager, wherein Plaintiff recounts the incident as follows:

> My wife and I had just checked out from terminal 8 at your store on Montfort when two individuals entered the store from the north entrance. The two individuals were running at a full sprint going past us about 30 to 40 feet away where they grabbed what I believed to be a money cart. After grabbing the cart, they proceeded to run back in our direction toward the exit when the individual on the inside, register side, ran into me as he went by causing me to fall quite hard.

*See attached correspondence from Doug Davis to Mr. Jeff Hawkinson, Store Mgr., dated Feb. 5, 2019, Attachment 1.*

25.     In his correspondence, Plaintiff states he was knocked down by one of the criminals fleeing the store – **not by Ms. Johnson**.  *Id.*  Moreover, Plaintiff describes the location of the money cart as being "30 to 40 feet away" from where Plaintiff and his wife were standing when he was knocked to the ground.  *Id.*  Based on Plaintiff's own narrative of the incident facts, and their sharp contrast to Plaintiff's pleadings, there is no reasonable basis for the Court to predict Plaintiff might be able to recover independently against Johnson under Texas law.  As such, this Court should <u>dismiss</u> Johnson as a party to this lawsuit, disregard Johnson's citizenship in determining diversity, and retain jurisdiction in this matter based on the diversity of Plaintiff and Wal-Mart.

## V.     THIS NOTICE IS PROCEDURALLY CORRECT

26.     This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendant Wal-Mart is not a citizen of Texas, the state in which the action was brought.  This action is removable to this Court and venue is proper because this United States District Court and Division embraces the place where the State Court Action was pending.  28 U.S.C. §§ 124(a)(1), 1441(a).

27.     Wal-Mart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

> A:     Index of all documents filed in the State Court Action.
>
> B:     Docket Sheet in the State Court Action.
>
> C:     Copies of all process, pleadings and orders filed in State Court.
>
> D:     Signed Certificate of Interested Persons.

28.     Wal-Mart is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Disclosure Statement and Certificate of Interested Persons.

29.     Wal-Mart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

30.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 95th Judicial District Court of Dallas County, Texas.

31.     Plaintiff has demanded a jury trial in the State Court Action.  Wal-Mart has demanded a jury trial in the State Court Action.

32.     Trial has not commenced in the 95th Judicial District Court of Dallas County.

## V.       CONCLUSION

33.      Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC, pursuant to and in conformance with the statutory requirements, remove this action from the 95th Judicial District Court of Dallas County, Texas, to this Court. Defendants further pray the Court dismiss Plaintiff's claims against Defendant Angela Johnson.

**Respectfully submitted,**

By:      */s/ Bevan Rhine*_____
         **BEVAN RHINE**
         Texas Bar No. 24036265
         brhine@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Ave., Suite 3100
Dallas, TX  75201
214.220.5208 (direct)
214.220.5258 (direct fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify a true and correct copy of this document has been forwarded to counsel for Plaintiff either by e-service, telefax, and/or electronic mail on this 4th day of November, 2020:

Philip G. Bernal
Janicek Law Firm, PC
1100 NE Loop 410, Suite 600
San Antonio, TX  78209
210.490.7402 / fax 210.490.8372
phil@janiceklaw.com

                    */s/ Bevan Rhine*_____
                    **BEVAN RHINE**

Doug Davis
5990 Arapaho Rd. #9A
Dallas, TX 75248
972-989-1147

Mr. Jeff Hawkinson, Store. Mgr.                                                     Feb.5, 2019
Walmart, Store #3406
15220 Montfort Rd.
Dallas, TX 75248

Incident on Dec. 28, 2018 @ approx. 11:58 pm
Police case # 277577-2018

Dear Mr Hawkinson,

My wife and I had just checked out from terminal 8 at your store on Montfort when two
individuals entered the store from the north entrance. The two individuals were running at a full
sprint going past us about 30 to 40 feet away where they grabbed what I believed to be a money
cart. After grabbing the cart, they proceeded to run back in our direction toward the exit when
the individual on the inside, register side, ran into me as he went by causing me to fall quite hard.

After my fall, I was able to get up and set on a bench with the help of several store employees. I
spoke to an employee named Marquita who I believe was the night manager on duty. I filled out
a store accident report, and Marquita was very understanding of my situation.

When I fell, I landed on my right side bruising my right knee, right hip, and injuring my right
shoulder. Because of my injuries during the fall, my wife drove me to the Medical City Plano
Hospital for evaluation. The doctors in the emergency room there performed x-rays and a CT
scan. The scan showed a fractured humorous bone and a fractured shoulder head (socket).

On January 9, 2019, I had surgical procedure called a *right reverse total shoulder arthroplasty* to
repair the injuries from the fall. The entire process has been painful and uncomfortable.

I'm asking Walmart to help with my medical expenses over and above what my insurance does
not cover. To date, my out of pocket expense have been about $900.00, but I expect that number
to increase once the hospital and surgeon's costs are finalized and I begin my physical therapy.
Please call me at 972-989-1147 to discuss the matter and next steps.

Sincerely,

Doug Davis

Doug Davis

ATTACHMENT 1